IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. AMY NICOLE JOHNSON, ) | |
| Plaintiff, ) | |
| V. ) | |
| 1. JASON HARRIS, in his ) | |
| Individual Capacity; ) | Case No. CIV-23-513-SLP |
| 2. NICK CRAUTHERS, in his ) | JURY TRIAL DEMANDED |
| Individual Capacity. ) | |
| 3. LESLIE SHELTON-DENLEY; ) | |
| in her Individual capacity ) | |
| 4. JOHN and JANE DOES 1-5; ) | |
| ) | |
| Defendants. ) | |

FILED
JUN 09 2023
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## COMPLAINT

**COMES NOW THE PLAINTIFF, AMY JOHNSON,** and brings forth this complaint against, Officer Officer **JASON HARRIS, NICK CRAUTHERS** and **LESLIE SHELTON-DENLEY, JOHN AND JANE DOES** 1-5 Agents, individually (collectively, the "Defendants"), and for cause would show the Honorable Court as follows:

## I. NATURE OF THE ACTION

1. This action is brought by the Plaintiff, **AMY JOHNSON** against the Defendants for Unlawful Arrest and/or Unreasonable Detention, and Excessive Force under the Color of Law in violation of her individual rights under the Fourth Amendment of the United States Constitution and other Oklahoma and Federal Statutes and in violation of her civil rights.

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

3. Defendants had a duty, but failed to implement and/or enforce policies, practices and procedures that respected **AMY JOHNSON's** constitutional rights to assistance and protection. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks judgment in her favor and compensation for damages.

## II. PARTIES

4. Plaintiff **AMY JOHNSON**, is a citizen of the United States of America and a resident of the State of Oklahoma, currently residing in Beckham County, Oklahoma

5. Defendant Officer **JASON HARRIS** is a member of the Elk City Police Department. Upon information and belief, he is entitled to indemnification under statute and by contract. He is sued in his individual capacity.

7. Defendant Officer **NICK CRAUTHERS**, is an officer and Lieutenant in the Elk City Police Department. Upon information and belief, he is entitled to indemnification under statute and contract. He is sued in his individual capacity.

8.  Defendant **LESLIE SHELTON-DENLEY**, is a Dispatcher in the Elk City Police Department. Upon information and belief, she is entitled to indemnification under statute and contract. She is sued in his individual capacity.

### JURISDICTION AND VENUE

Plaintiff incorporates all prior allegations by reference, as if fully restated herein.

10. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Amy Johnson, by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Oklahoma.

11. The claim made in this Complaint occurred and arose in the State of Oklahoma, in this District of this Court. Venue is therefore proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1331.

12. The Plaintiff asks this Honorable Court to "Liberally Construe" the statements made herein, as been held in cases where the litigant is pro-se.

### III.   STATEMENT OF FACTS

Plaintiff incorporates all prior allegations by reference, as if fully restated herein.

13. On Friday November, 5th, 2021, at approximately 2:45 p.m. Plaintiff **AMY JOHNSON** went to check in on her father, who lived in an RV trailer in the convenient store parking lot located at the north west corner of 20th and Main in Elk City, Oklahoma Plaintiff **JOHNSON** found her father directly inside his RV bleeding and non-responsive. He appeared to be deceased. Plaintiff **JOHNSON** observed significant amounts of blood splattered in multiple places including the walls, floor, sheets and under the mattress her father was positioned on. Multiple things seemed out of place to Plaintiff **JOHNSON** and she felt her father had not had a peaceful death. Plaintiff **JOHNSON,** who was extremely emotionally distressed, then proceeded to call 911 to report she found her father who she believed to be deceased and ask for assistance.

14. The first emergency responders to arrive on site were two paramedics, one male and one female. Plaintiff **JOHNSON** was instructed by the female paramedic to lead them back inside the RV where her father lay deceased and "show her" where Plaintiff **JOHNSON'S** father was. The paramedics' behavior seemed "off" to **JOHNSON**. Despite Plaintiff **JOHNSON**, feeling strange and uneasy, she complied by entering the RV, and pointed to her father's body. As Plaintiff **JOHNSON** turned to exit the RV under mounting duress, she heard the female paramedic make a sound seemingly like a muffled snicker or laugh. Plaintiff **JOHNSON**, feeling increasingly upset, turned her phone on and started to record the interaction. When the female paramedic asked Plaintiff **JOHNSON** what she

was doing Plaintiff **JOHNSON** explained she had begun to record her interaction with the responders to protect herself from any misunderstanding that may occur.

15. Approximately 5 minutes later, two officers from the Elk City Police Department arrived on scene. Officers **JASON HARRIS** and **NICK CRAUTHERS** and approached Plaintiff Johnson near the RV where her fathers body lay inside. Officer **NICK CRAUTHERS** immediately demanded Plaintiff **JOHNSON** leave the area. Plaintiff **JOHNSON,** still very upset at finding her father deceased, did not wish to leave the immediate area and stated she had a right to be near her father.

16. Plaintiff **JOHNSON** then explained to both officers that she was recording and held up her phone to show the officers. Officer **NICK CRAUTHERS** motioned with his arm and told Plaintiff **JOHNSON** to step aside. As Plaintiff **JOHNSON** attempted to comply by stepping backwards away from the RV, Officer **NICK CRAUTHERS** then shrugged and assaulted Plaintiff **JOHNSON** by grabbing the back of her hair and violently slamming her face down into the gravel/asphalt parking lot causing multiple bleeding abrasions on her face and bruising to Plaintiff **JOHNSON's** face, neck arms and back. Officer **NICK CRAUTHERS** continued to use excessive force and with his knee placed on Plaintiff **JOHNSON's** neck he then placed a hand on the back of Plaintiff **JOHNSON's** head using her as leverage to try to get up. Officer **NICK CRAUTHERS** was struggling and slipped multiple times in an attempt to place handcuffs on Plaintiff **JOHNSON** while she lay still and cried out for relief saying

she was sorry, she was in pain and she could not breathe with her face in the asphalt and him pressing on her. Officer **NICK CRAUTHERS** repeated these movements several times continuing to use Plaintiff **JOHNSON** as leverage and pressing on Plaintiff **JOHNSON's** head, neck and back as Plaintiff **JOHNSON** pleaded saying she could not breathe. Plaintiff **JOHNSON** could hear her voice starting to fade as she was coming close to losing consciousness when she heard Officer **JASON HARRIS** come over and say " Here, let me help you" to Officer **NICK CRAUTHERS.** Officer **JASON HARRIS** then placed handcuffs very tightly behind Plaintiff **JOHNSON'S** back and Officer **NICK CRAUTHERS** forcibly yanked her up by her belt loops while Officer **JASON HARRIS** grabbed her arm and started leading her towards the police car.

17.  Plaintiff **JOHNSON** was then walked back to the police vehicle with blood dripping down her face. An attending paramedic noticed her face and asked if she would like help and told her if she was quiet and did what the officers said they would probably let her go. The paramedic placed Plaintiff **JOHNSON** with handcuffs on into the back of a squad car in full view of her father's deceased body which had been taken from the RV and placed in the parking lot near the police vehicle she was in. Plaintiff **JOHNSON** remained quiet while she was forced to stay in the police car for approximately the next 3.5 hours with handcuffs while she was denied any water, anything to eat or the ability to use the bathroom with her head bleeding and her fathers dead body next to the vehicle.

18. After multiple hours in the Elk City squad car, Plaintiff **JOHNSON** was then taken to the Elk City Police Department by Officer **JASON HARRIS**. While driving to the station Plaintiff **JOHNSON** was scared and confused, feeling as though she had committed no crime and asked if she was going to jail. Officer **JASON HARRIS** looked at her in the rearview mirror while smiling and responded "Yes, you're going to jail". Upon arrival at the Elk City police station, dispatcher **LESLIE SHELTON-DENLEY** and Officer **JASON HARRIS** began the booking process. Plaintiff **JOHNSON** was in shock and unaware of any crime she had committed but remained compliant.

19. While Plaintiff **JOHNSON's** charges were being processed, dispatcher **LESLIE SHELTON-DENLEY** instructed Plaintiff **JOHNSON** to remove all her jewelry, took mug shots and began fingerprinting her. At this time the parents of Plaintiff **JOHNSON** arrived at the Elk City Police station and using the legal advice from the attorney they contacted, they demanded that Officer **JASON HARRIS** and dispatcher **LESLIE SHELTON-DENLEY** immediately release Plaintiff **JOHNSON** as she had committed no crime. Officer **JASON HARRIS** and dispatcher **LESLIE SHELTON-DENLEY** refused to release Plaintiff **JOHNSON**. Plaintiff **JOHNSON's** parents then went out into the parking lot and contacted their legal council a second time where they were advised to go back into the Elk City Police station again and explain to Officer **JASON HARRIS** and dispatcher **LESLIE SHELTON-DENLEY** if they refused to release Plaintiff **JOHNSON** the

Elk City Police department would face a legal action for harassment and potential other claims.

20. Plaintiff **JOHNSON** then observed dispatcher **LESLIE SHELTON-DENLEY** call an unknown supervisor. After a short conversation Plaintiff **JOHNSON** heard dispatcher **LESLIE SHELTON-DENLEY** confirm they should release Plaintiff **JOHNSON**. Officer **JASON HARRIS** and dispatcher **LESLIE SHELTON-DENLEY** then handed Plaintiff **JOHNSON** her belongings and put her out the front lobby door of the Elk City police station telling her she was free to go. At no time during her detainment in the police car or at the jail did the officers read Plaintiff **JOHNSON** her rights.

22. Plaintiff **JOHNSON's** Interaction with the Elk City Police Department has led to Post Traumatic Stress Disorder ("PTSD") and a fear of Law Enforcement, as well as depression, and anxiety.

## COUNT I: ILLEGAL SEIZURE OF A PERSON BY DEFENDANTS IN VIOLATION OF FOURTH AMENDMENT

Plaintiff, **AMY JOHNSON** incorporates all prior allegations by reference, as if fully restated herein.

23. On November 5, 2022, the Defendants' violated Plaintiff's Constitutional Rights by illegally detaining and/or arresting her and using

excessive force. Specifically, she was placed in a police car and kept there for nearly six hours and then subsequently driven to the Elk City Police Department wherein she was illegally detained before being allowed to leave.

24. According to the Constitution, the Fourth Amendment guarantees "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

25. By participating in the unlawful detention in such a way that resulted in the Plaintiff **AMY JOHNSON** being placed into a police car for several hours, Defendants have each played a role in the violation of the Plaintiff's Fourth Amendment rights.

26. As stated above, it was made very clear to the Plaintiff that she was not free to leave as she was placed in handcuffs and placed in a squad car against her will for many hours.

27. Defendants, all either actively participated in or failed to prevent the violation of the Plaintiff's Constitutional rights.

28. "Under 42 U.S.C. § 1983, a person acting under the color of state law who "subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

29. As a direct result of the excessive force described above, Plaintiff **AMY JOHNSON,** has suffered injuries which include, without limitation, emotional distress, damaged reputation, fear for her person, and loss of quality of life, for which the Plaintiff is entitled to compensation.

## COUNT II: EXCESSIVE OR UNREASONABLE FORCE BY DEFENDANTS IN VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS.

30. During the incident alleged above, officers on the scene used excessive or unreasonable force in violation of the Plaintiff's Fourth Amendment rights by grabbing her by the hair and forcing her face into the gravel parking lot causing injury as well as breathing distress to Plaintiff **JOHNSON**, despite the fact that the Plaintiff was visibly upset at finding her father deceased and attempting to comply with officers.

## PRAYER FOR RELIEF

Plaintiff **AMY JOHNSON** incorporates all prior allegations by reference, as if fully restated herein.

31. As a result of the action by the defendants, the Plaintiff **AMY JOHNSON**, has suffered severe PTSD and phyisical injury from the incident

mentioned above. Defendants were all complicit in violating the Plaintiff's constitutional protected rights. She had her person violated and held captive in the back of a squad car and jail without probable cause or Due Process.

32. The Plaintiff **AMY JOHNSON** is therefore asking this Court to grant compensatory damages and punitive damages for the following pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b):

A. Actual damages;

B. Pain, suffering and mental anguish suffered by Plaintiff as a result of each of the Defendant's intentional infliction of emotional distress on the Plaintiff;

C. Loss of quality of life;

D. Loss of future earnings due to damaged reputation; and

E. Punitive damages as allowed by law based on each Defendants' willful and/or reckless disregard of Plaintiff's federally protected rights.

F. Attorney's fees and incurred in Plaintiff's prosecution of this litigation.

## DAMAGES SUMMARY

33. In addition to other damages set forth or implied herein the actions of the Defendants are at least as follows:

   a. **<u>Legal Fees.</u>** Johnson has incurred fees sparked by the unconstitutional conduct of defendants.

b.  **Pain, Suffering and Humiliation.** In addition to all the other damages, Johnson suffered pain, suffering, humiliation, loss of face, and damage to reputation.

c.  **Violation of Constitutional Rights.** Johnson's Fourth Amendment right to be free from an unreasonable seizure of a person.

### JURY DEMAND

34. Plaintiff **AMY JOHNSON** requests a jury trial on all issues in this case.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff **AMY JOHNSON** prays that this Court assess all damages suffered by the Plaintiff against each Defendant individually and jointly, and further than an award of actual and punitive damages be entered against each Defendant individually and jointly. Plaintiff further prays for an award of costs, fees, and such other relief at law or in equity as may be appropriate.

_/s/ Amy Johnson_
PLAINTIFF
AMY JOHNSON PRO-SE