## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMY NICOLE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-513-SLP |
| | ) | |
| JASON HARRIS, in his individual capacity, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>O R D E R</u>

On August 1, 2024, the Court entered an Order [Doc. No. 17] directing Plaintiff to show cause no later than August 12, 2024, why this action should not be dismissed without prejudice as to Defendants "John and Jane Does 1-5" for failure to effect timely service of process pursuant to Fed. R. Civ. P. 4(m). As of this date, Plaintiff has not responded to the show cause order, nor has she requested an extension of time within which to do so.[1] Accordingly, this action is subject to dismissal without prejudice for failure to effect timely service of process, and for failure to comply with the Federal Rules of Civil Procedure and this Court's Order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal

---

[1] The Court's docket reflects that the show cause order was returned as undeliverable [Doc. No. 19]. But Plaintiff is responsible for providing notice of any change of address to the Court. *See* LCvR 5.4 (requiring written notice of a change of address and further providing that papers sent by the Court are "deemed delivered if sent to the last known address given to the court."); *see also Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999) (pro se plaintiff who failed to provide any change of address waived right to review of report and recommendation by failing to make a timely objection).

permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

Because Plaintiff has failed to respond to the Court's Order to Show Cause, she has failed to demonstrate good cause exists for granting a mandatory extension of the 90-day time period set forth in Rule 4(m) within which to serve Defendant. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Court must further consider whether a permissive extension of time is warranted. *See id.; see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014). Factors for the Court to consider include whether the statute of limitations would bar the plaintiff from refiling the action, whether the plaintiff has unsuccessfully attempted to serve the United States, and whether the delay in service relates to the plaintiff's pro se status or confusion or delay in obtaining permission to proceed in forma pauperis. *See Espinoza*, 52 F.3d at 842 & n. 8.

Here, the United States is not a defendant, and the record contains no information which would suggest Plaintiff's delay in effecting service relates to her pro se status or the fact that she is proceeding in forma pauperis. Plaintiff requested summons for the three named Defendants in this action, [Doc. No. 7], and she successfully served all three of those Defendants. *See* [Doc. No. 9]. Although it does appear Plaintiff may be time-barred from refiling the action, that factor carries little weight as to the John and Jane Doe Defendants because her Complaint does not suggest anyone else was involved. *See* [Doc. No. 1]. Under these circumstances, a permissive extension of time is not warranted.

Where, as here, the time to file an action has expired, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice." *AdvantEdge Bus. Grp. v.*

2

*Thomas E. Mestmaker & Assocs., Inc*., 552 F.3d 1233, 1236 (10th Cir. 2009).  If the dismissal is effectively one with prejudice, courts consider criteria known as the "*Ehrenhaus* factors," which include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *Nasious*, 492 F.3d at 1162; *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992).

The first factor has little relevance as to the John and Jane Doe Defendants, but all the other factors suggest dismissal is warranted.  As to the second factor, Plaintiff's failure to respond to the Court's Order impacts the Court's "ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders."  *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).  With respect to the third factor, Plaintiff was expressly warned this action may be dismissed without further notice if she failed to show cause.  Order [Doc. No. 17].  As to the fourth factor, Plaintiff is culpable for the failure to accomplish service (or show cause why she could not), even though she appears pro se: nothing in the record suggests Plaintiff attempted to identify the Defendants, and she successfully served all named Defendants. [Doc. No. 9].

Finally, the Court finds that no sanction less than dismissal is practical under the circumstances.  Absent any response from Plaintiff, the Court cannot ascertain whether she still intends to pursue claims against the John and Jane Doe Defendants, nor does the record suggest any other sanction would be appropriate.  Considering all these factors together,

the Court finds dismissal without prejudice is warranted, even if it is equivalent to dismissal with prejudice.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE as to Defendants John and Jane Does 1-5 for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m) and pursuant to Rule 41(b) for Plaintiff's failure to respond to the Court's Order to Show Cause.

IT IS SO ORDERED this 16th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE