## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMY NICOLE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-513-SLP |
| | ) | |
| JASON HARRIS, in his individual | ) | |
| capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

This matter is before the Court pursuant to its September 26, 2024 Order directing Plaintiff to show cause by October 17, 2024 why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Order for Status and Scheduling Conference [Doc. No. 21]. To date, Plaintiff has not responded to the Court's Order. Accordingly, this action is subject to dismissal for failure to prosecute and failure to comply with the Court's Orders. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

Where, as here, the time to re-file an action has expired, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is effectively one with prejudice, courts consider criteria known as the "*Ehrenhaus* factors," which include: (1) the degree of actual prejudice to the defendant; (2)

the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Nasious*, 492 F.3d at 1162; *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992).

The first factor has little relevance here, but all the other factors suggest dismissal is warranted. As previously explained in this action, Plaintiff's failure to respond to the Court's Order impacts the Court's "ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009). With respect to the third factor, Plaintiff was expressly warned this action may be dismissed without further notice if she failed to timely show cause. Order [Doc. No. 23] at 2. As to the fourth factor, Plaintiff is culpable for the failure to respond because the Court repeatedly reminded her that she was responsible for providing the Court with notice of any change of address. *See id.*; *see also* Order [Doc. No. 20] 1.

Finally, the Court finds that no sanction less than dismissal is practical under the circumstances. Absent any response from Plaintiff, the Court cannot ascertain whether she still intends to pursue her claims, nor does the record suggest any other sanction would be appropriate. Considering all these factors together, the Court finds dismissal without prejudice is warranted, even if it is equivalent to dismissal with prejudice.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice. A separate judgment shall be entered contemporaneously herewith.

IT IS SO ORDERED this 24th day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE